**Hearing Date and Time: June 20, 2018 at 10:00 A.M.**
**Objection Deadline: June 13, 2018 at 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
In re:                                                        :    Chapter 7
                                                              :
AVAAGO, INC.,                                                 :    Case No. 17-12926 (MKV)
                                                              :
        Debtor.                                               :
-------------------------------------------------------------X

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN,
FOR THE PERIOD JANUARY 26, 2018 THROUGH FEBRUARY 22, 2018**

| Name of Applicant: | Elise S. Frejka |
|---|---|
| Authorized to Provide Professional Services to: | Consumer Privacy Ombudsman |
| Date of Appointment: | January 26, 2018 |
| Final Period for which Compensation and Reimbursement is Sought: | January 26, 2019 – February 22, 2018 |
| Final Amount of Fees Sought as Actual, Reasonable and Necessary: | $6,300.00 |
| Final Amount of Expenses Sought as Actual, Reasonable and Necessary: | $45.91 |

This is a(n):    ___ monthly        ____ interim        _x_ final application.

The total time expended for fee application preparation is 1.00 hours and the corresponding compensation requested is approximately $525.00.

**SUMMARY OF PRIOR FEE APPLICATIONS**
None

**Hearing Date and Time: June 20, 2018 at 10:00 A.M.**
**Objection Deadline: June 13, 2018 at 4:00 P.M.**

Elise S. Frejka, CIPP/US
FREJKA PLLC
420 Lexington Avenue – Suite 310
New York, New York 10170
Telephone: (212) 641-0800
Facsimile: (212) 641-0820
efrejka@frejka.com

*Consumer Privacy Ombudsman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re:                                                         :    Chapter 7
                                                               :
AVAAGO, INC.,                                                  :    Case No. 17-12926 (MKV)
                                                               :
          Debtor.                                              :
----------------------------------------------------------------X

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN,
FOR THE PERIOD JANUARY 26, 2018 THROUGH FEBRUARY 22, 2018**

Elise S. Frejka, the Consumer Privacy Ombudsman ("Ombudsman") in the above-captioned case, submits this first and final application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and Rules 2016-1 and 2016-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for a final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred during the period commencing January 26, 2018 through and including February 22, 2018 (the "Fee Period"). In support of the Application, the Ombudsman respectfully represents as follows:

**Jurisdiction**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### **General Background**

2. On October 9, 2017 (the "Petition Date") Harry Silver, Kentaro Kuroiwa, and Eastern Port Company, LLC filed an involuntary petition under chapter 7 of title 11, United States Code, as amended (the "Bankruptcy Code") against the Debtor.

3. Prior to the Petition Date, the Debtor, doing business as "Game Sports Network," operated an on-line sports gaming site wherein consumers would purchase cards and place odds on which teams would prevail in various sporting events. See Chapter 7 Trustee's Motion for (A) an Order Approving Procedures in Connection with the Sale of Substantially all of the Debtor's Assets (B) an Order Approving the Sale at ¶ 6.

4. On October 30, 2017, the Court entered the Stipulation and Order for Relief Under Chapter 7 of the Bankruptcy Code. See Docket No: 11.

5. Pursuant to the Notice to Trustee of Appointment and Fixing Amount of Bond, the United States Trustee for Region 2 appointed Ian J. Gazes (the "Trustee") as the interim chapter 7 trustee of the Debtor's estate. See Docket No. 12.

6. On February 10, 2017, the Trustee filed the Trustee's Motion for (A) an Order Approving Procedures in Connection with the Sale of Substantially all of the Debtor's Assets and (B) an Order Approving the Sale (the "Sale Motion"). See Docket No. 25. The Court entered the Order Approving Procedures in Connection with the Sale of Substantially all of the Debtor's Assets on January 25, 2018. The Order directed the Office of the United States Trustee to appoint a consumer privacy ombudsman. See Docket No. 33.

7. On January 26, 2018, The Office of the United States Trustee appointed the

2

Ombudsman.  See United States Trustee's Appointment of Consumer Privacy Ombudsman, Docket. No. 36.

8.      On February 18, 2018, in accordance with section 332 of the Bankruptcy Code, the Ombudsman filed her report (the "CPO Report") with respect to the sale (the "Sale") of substantially all of the Debtor's assets, including related customer information, to Mako.Capita LLC.  See Docket No. 39.

9.      The Court approved the sale of substantially all of the Debtor's assets to Mako.Capital LLC on February 22, 2018.  See Docket No. 40.

## Relief Requested

10.     The Ombudsman submits this Application pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

11.     By this Application, the Ombudsman seeks a final allowance and payment of compensation in the amount of $6,300 for actual and necessary professional services rendered and reimbursement of actual and necessary expenses in the amount of $45.91.

12.     The total number of hours expended by the Ombudsman in performing her responsibilities, as the Consumer Privacy Ombudsman, was 12.00 hours.  The value of these services has been computed at the rates the Ombudsman customarily charges for similar services provided for other clients.

13.     A detailed chronological itemization of the services rendered by the Ombudsman, calculated by tenths of an hour, is attached hereto as Exhibit A.  All compensation requested herein relate to services rendered in connection with the discharge of the Ombudsman's duties.

14.     Annexed hereto as Exhibit B is a schedule setting forth all professionals who have performed services during the Fee Period, the capacities in which such individual is employed,

3

the year in which the individual was first licensed to practice law, the hourly billing rate of such individual, and the aggregate number of hours expended and fees billed.

15. Annexed hereto as <u>Exhibit C</u> are schedules (a) specifying the categories of expenses incurred during the Fee Period, the total amount for each such expense category and a detailed listing of each of the expenses, and (b) a summary setting forth the time charges incurred during the Fee Period broken down by project category.

16. During the Fee Period, the Ombudsman provided, among other things, the following services:

- Reviewed the Debtor's privacy policy in effect on the Petition Date and the Debtor's privacy practices and collection procedures concerning Personally Identifiable Information about consumers, its database maintenance, and the sharing and use of such information with third parties;

- Reviewed the Sale Motion, the Asset Purchase Agreement, and the proposed Order approving the Sale;

- Discussed the Sale with (i) counsel for the Trustee; (ii) representatives of the Debtor, and (iii) counsel for Mako.Capital LLC;

- Drafted the Report of the Consumer Privacy Ombudsman; and

- Attended a hearing regarding the Sale on February 22, 2018.

**Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules**

17. In accordance with Local Rule 2016-1, the undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of her information, knowledge and belief that this Application complies with Local Rule 2016-1.

18. To the best of the Ombudsman's knowledge, this Application complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the Office of the United States Trustee, and the Local Rules.

19. As detailed above, in accordance with the Local Rules, a summary schedule of

hours and fees for the Ombudsman is attached hereto as <u>Exhibit B</u> to this Application.

20. The Ombudsman submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code. The Ombudsman's services provided an important benefit to the Debtors' estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved. The Ombudsman submits that the professional services were performed in an expeditious and efficient manner. The Ombudsman addressed the primary issues implicated by the Sale that included Personally Identifiable Information expeditiously, effectively and in a consensual manner that facilitated the ultimate sale.

21. There is no agreement or understanding between the Ombudsman and any other person for the sharing of compensation received for services rendered in or in connection with these cases.

22. This Application is a first and final request for compensation and reimbursement of expenses.

WHEREFORE, the Ombudsman respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit D</u>, authorizing (a) an allowance on a final basis of compensation in the amount of $6,300.00, for professional services rendered during the Fee Period; (b) allowance on a final basis of the actual and necessary costs and expenses incurred in the amount of $45.91; and (c) such other and further relief that the Court deems just, proper and necessary.

Dated: New York, New York
       May 9, 2018

          RESPECTFULLY SUBMITTED,

          /s/ Elise S. Frejka
          Elise S. Frejka, CIPP/US
          Frejka PLLC
          420 Lexington Avenue – Suite 310
          New York, New York 10170
          Telephone: (212) 641-0800
          Facsimile (212) 641-0820

*Consumer Privacy Ombudsman*

## **VERIFICATION**

I, ELISE S. FREJKA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and based on the information and records available to me:

1. I am the Consumer Privacy Ombudsman.

2. I personally performed the work set forth in the Application.

3. I have reviewed the foregoing Application and the facts stated therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Bankruptcy Rule 2016-1, and submit that the Application substantially complies with such rule.

Dated: May 9, 2018

/s/ Elise S. Frejka
Elise S. Frejka

## Exhibit A

*(Time Records)*



420 Lexington Avenue - Suite 310
New York, NY 10170
Phone: 212-641-0800

# INVOICE

**Date:** 05/09/2018
**Invoice #:** 1265
**Matter:** Consumer Privacy Ombudsman

**Bill To:**
Estate of Avaago, Inc.
151 Hudson Street
New York, NY 10013

**Professional Services**

| Date | | Details | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/31/2018 | ESF | CPO Report<br>Call with A. Rosen regarding sale (.3); call with D. Orlow regarding sale and scope of collection of customer data (.3); review Asset Purchase Agreement (.3); review motion and sale order (.2). | 1.10 | $525.00 | $577.50 |
| 02/05/2018 | ESF | CPO Report<br>Review specific IP for sale (.2); visit each domain and confirm existence of privacy policy (.3); review hotspot.com privacy policy (.3); call with I. Gazes regarding same and impetus for appointment of CPO (.1); call with P. Schwartzberg regarding same (.1); call with D. Orlow regarding background facts, entities collecting data, scope of data (.3); review schedules regarding consumers with balances (.3); email to I. Gazes and D. Dinoso regarding access to data room (.1). | 1.70 | $525.00 | $892.50 |
| 02/13/2018 | ESF | CPO Report<br>Email exchange with D. Donoso regarding sale (.1); email exchange with A. Rosen regarding sale (.1); outline CPO Report (.4); review schedules (.2); visit Debtor domains and determine whether data is collected (.5). | 1.30 | $525.00 | $682.50 |
| 02/15/2018 | ESF | CPO Report<br>Review customer files provided by Trustee (.4); email | 3.80 | $525.00 | $1,995.00 |



420 Lexington Avenue - Suite 310
New York, NY 10170
Phone: 212-641-0800

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | to M. Alexander (Debtor), T. Klestadt regarding follow up questions in connection with data collection (.2); draft CPO Report (3.2). |  |  |  |
| 02/18/2018 | ESF | CPO Report<br>Revise CPO Report (2.2); serve and file same (.1); letter to Court regarding same (.1). | 2.40 | $525.00 | $1,260.00 |
| 02/22/2018 | ESF | Fee Statements and Fee Applications<br>Draft first and final application for compensation as CPO. | 1.00 | $525.00 | $525.00 |
| 02/22/2018 | ESF | Hearing Attendance<br>Prepare for hearing regarding sale of assets (.3); attend hearing before Judge Vyskocil regarding sale of substantially all of the Debtor's assets (.4). | 0.70 | $525.00 | $367.50 |
|  |  | **For professional services rendered** | **12.00** |  | **$6,300.00** |

**Additional Charges**

| Date | | Details | Quantity | Rate | Amount |
|---|---|---|---|---|---|
| 02/18/2018 | ESF | Federal Express<br>Delivery by Federal Express to Chambers | 1 | $18.09 | $18.09 |
| 02/22/2018 | ESF | Local Travel<br>Cab from home to Court for sale hearing ($25.07); subway from Court to office ($2.75). | 1 | $27.82 | $27.82 |
|  |  | **Total additional charges** |  |  | **$45.91** |
|  |  | **Invoice Amount** |  |  | **$6,345.91** |
|  |  | **Balance Due** |  |  | **$6,345.91** |

## Exhibit B

## Summary of Fees by Timekeeper

| Timekeeper | Title | Year Admitted | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Elise S. Frejka | Partner | 1991 | $525.00 | 12.00 | $6,300.00 |
| **Total** | | | | **12.00** | **$6,300.00** |

## Exhibit C

### Summary by Project Category

| Project Category | Hours | Amount |
|---|---|---|
| CPO Report | 10.30 | $5,407.50 |
| Hearing Attendance | 0.70 | 367.50 |
| Fee Statements and Fee Applications | 1.00 | 525.00 |
| **Total** | **12.00** | **$6,300.00** |

### Summary of Expenses by Category

| Project Category | Amount |
|---|---|
| Federal Express | $18.09 |
| Local Travel | 27.82 |
| **Total** | **$45.91** |

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re:                                              :    Chapter 7
                                                    :
AVAAGO, INC.,                                       :    Case No. 17-12926 (MKV)
                                                    :
          Debtor.                                   :
--------------------------------------------------------------X

**ORDER GRANTING FIRST AND FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN,
FOR THE PERIOD JANUARY 26, 2018 THROUGH FEBRUARY 22, 2018**

Upon consideration of the First and Final Application for Compensation and for Reimbursement of Expenses for the Period from January 26, 2018 through February 22, 2018 filed by Elise S. Frejka, Consumer Privacy Ombudsman in the above-captioned case (the "Application") under 11 U.S.C. §331 for a final allowance of compensation for professional services rendered and expenses incurred; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and the deadline for filing objections to the relief requested therein having been provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that all of the applicable requirement of sections 327. 328, 330, and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rules 2016-1 and 2016-2 of the Local Bankruptcy Rules for the Southern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York

2

Bankruptcy Cases, effective February 5, 2013 (as adopted by General Order M-447)(b) have been satisfied; and it appearing that the services rendered and expenses incurred by the Applicant for which compensation and reimbursement is sought were actual, reasonable and necessary; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent set forth in Schedule A hereto; and it is further

ORDERED that the Trustee is authorized and directed upon entry of this order to remit payment to the Applicant in the amounts set forth on Schedule A; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018

                                                  Mary Kay Vyskocil
                                                  United States Bankruptcy Judge

**EXHIBIT D**

Case No.: 17-12926 (MKV)               **CURRENT FEE PERIOD**               Schedule A
Case Name: In re Avaago, Inc.          January 26, 2018 – February 22, 2018

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for Prior Fee Period(s) (if any) (i.e., Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Frejka PLLC | 2/23/2018 ECF No.: 40 | $6,300.00 | $6,300.00 | $6,300.00 | $0.00 | $6,300.00 | $45.91 | $45.91 |

Revised September 2011           DATE ON WHICH ORDER WAS SIGNED: _____           INITIALS: ____USBJ

**EXHIBIT D**

Case No.: 17-12926 (MKV)  **FINAL FEE APPLICATION TOTALS**  Schedule B
Case Name: Avaago, Inc.  January 26, 2018 – February 22, 2018

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Frejka PLLC | $6,300.00 | $6,300.00 | $45.91 | $45.91 |

Revised September 2011        DATE ON WHICH ORDER WAS SIGNED: _____        INITIALS: _____USBJ